1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HANNAH M. LEONARD, et al.,

                  Plaintiffs,

    v.

NATIONAL RAILROAD PASSENGER
CORPORATION,

                  Defendant.

CASE NO. C19-6099 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
SEVER AND FOR SEPARATE
TRIALS

This matter comes before the Court on Defendant National Railroad Passenger

Corporation's ("Amtrak") motion to sever plaintiffs pursuant to Fed. R. Civ. P. 21 and for

separate trials pursuant to Fed. R. Civ. P. 20(b).  Dkt. 19.  The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file

and hereby grants the motion for the reasons stated herein.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

On October 29, 2019, Plaintiffs Cody Clark, Hannah Leonard, and Emema

Tulafono-Levaula ("Plaintiffs") filed a complaint against Amtrak in King County

ORDER - 1

1 | Superior Court for the State of Washington.  Dkt. 1-2.  Plaintiffs allege injuries stemming

2 | from the derailment of Amtrak train 501 on December 18, 2017.  *Id.*

3 | On November 18, 2019, Amtrak removed the matter to this Court.  Dkt. 1.

4 | On July 30, 2020, Amtrak filed the instant motion seeking a severance of

5 | Plaintiffs' claims resulting in three separate actions.  Dkt. 19.  On August 12, 2020,

6 | Plaintiffs responded.  Dkt. 21.  On August 14, 2020, Amtrak replied.  Dkt. 23.

7 | ## II.   DISCUSSION

8 | Fed. R. Civ. P. 21 provides that "the court may at any time, on just terms, add or

9 | drop a party. The court may also sever any claim against a party."  Rule 21 may be used

10 | to "sever claims of parties, otherwise permissibly joined, for purposes of convenience, to

11 | avoid prejudice, or to promote the expeditious resolution of the litigation." *Ferger v.*

12 | *C.H. Robinson Worldwide, Inc.*, 2006 WL 2091015, *1 (W.D. Wash. 2006). The court

13 | exercises broad discretion in determining whether to sever claims that are "discrete and

14 | separate." *Anticancer, Inc. v. Pfizer, Inc.*, 2012 WL 1019796, * 1 (S.D. Cal. 2012)

15 | (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). Courts

16 | consider the following factors in determining whether to sever a claim under Rule 21:

17 | "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the

18 | claims present some common questions of law or fact; (3) whether settlement of the

19 | claims or judicial economy would be facilitated; (4) whether prejudice would be avoided

20 | if severance were granted; and (5) whether different witnesses and documentary proof are

21 | required for the separate claims." *Id.* at *1 (quoting *SEC v. Leslie*, 2010 WL 2991038, at

22 | *4 (N.D. Cal. 2010)).

1  In this case, the Court agrees with Amtrak that unique circumstances warrant

2  separate trials.  In general, consolidation of claims stemming from the same event

3  conserves resources and does not prejudice any party.  Here, however, Amtrak's

4  litigation strategy leads to confusion and prejudice in consolidated matters.  First, Amtrak

5  has conceded liability, which limits the common references and trial time devoted to the

6  derailment.  In the previous trials, the great majority of evidence consists of the plaintiff's

7  treating physicians and consulting medical experts.  Thus, evidence specific to the

8  individual plaintiff overwhelms any evidence relating to a common event.

9  Second, Amtrak has presented little to no evidence in its defense case.  The extent

10  of Amtrak's defense case has been limited to reading some deposition testimony or

11  simply resting without presenting any evidence.  Thus, there would be no conservation of

12  resources in conducting one trial with no defense as opposed to three trials with no

13  defense.

14  Third, the only fact weighing in favor of one trial is the perceived difficulty in

15  conducting multiple civil jury trials during the global pandemic.  Although the Court is

16  currently unsure when civil jury trials will commence, it is optimistic that trials will be

17  able to resume by the parties' set trial date of February 2022.  If it is evident that

18  individual jury trials would be extremely difficult as the trial date approaches, the Court

19  may consider consolidation; we will cross that bridge when we get there.

20  The Court agrees with Amtrak that the unique circumstances of these trials

21  warrant severance because the overwhelming majority of evidence is individualized to

22  each plaintiff.

1

### III.  ORDER

2        Therefore, it is hereby **ORDERED** that Amtrak's motion to sever plaintiffs

3   pursuant to Fed. R. Civ. P. 21 and for separate trials pursuant to Fed. R. Civ. P. 20(b),

4   Dkt. 19, is **GRANTED**.  The Clerk shall open a new case for Cody Clark against Amtrak

5   and a new case for Emema Tulafono-Levaula against Amtrak and shall copy everything

6   in the electronic docket to those cases up to and including this order.

7        Dated this 21st day of September, 2020.

8

9        _____

          BENJAMIN H. SETTLE
10         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4